UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS BERMUDEZ, 05-B-1139,

        Petitioner,

        v.

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

        Respondent.

**ORDER**
08-CV-0693F

---

## **INTRODUCTION**

*Pro se* petitioner Carlos Bermudez, an inmate at Attica Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 18, 2008 (Doc. No. 1) ("the Petition"). Respondent filed an answer and memorandum of law in response the petition on November 7, 2008 (Doc. Nos. 4 and 5). Presently before the Court is petitioner's motion to stay the petition (Doc. No. 6) ("Motion to Stay") to permit pending resolution of a motion pursuant to N.Y. Crim. P. L. § 440.10 ("§ 440.10 motion") which he claims to have filed in Erie County Court "before, or on, or about the same time the 2254 petition was filed" (Doc. No. 6 at 1). Petitioner states that the basis of the § 440.10 motion is that he was denied effective assistance of counsel at trial as a result of his attorney's failure, *inter alia*, to produce certain reports pertaining to a .25 caliber handgun, call a witness who would have "backed up petitioner's side of the story" and advise petitioner of his right to testify (*Id.* at 2).

For the reasons set forth below, Petitioner's Motion to Stay is denied without prejudice to refiling upon a showing that Petitioner is entitled to a stay of the Petition pursuant to *Rhines v. Weber*, 544 U.S. 26, 277 (2005).

## **DISCUSSION**

In *Zarvela v. Ortiz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001), the Second Circuit held that a court presented with a "mixed" habeas corpus petition, one containing both exhausted and unexhausted claims, could exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition." *Zarvela*, 254 F.3d at 377. The exercise of such discretion is appropriate, the *Zarvela* court held, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" *Id.*, at 380 (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)); *see also Davis v. Ortiz,* 2003 U.S. Dist. LEXIS 17392 (S.D.N.Y. 2003) (relying on *Zarvela* to stay a habeas proceeding pending the exhaustion of a claim newly raised by the Petitioner on a motion to vacate brought in New York state court pursuant to N. Y. Crim. Proc. Law § 440.10). Under limited circumstances (described below), the Supreme Court has sanctioned the issuance of a *Zarvela*-type stay to allow a Petitioner to pursue state remedies on an unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005).

A necessary predicate of the "stay-and-abeyance" procedure is the presence of a mixed petition. *Rhines*, 544 U.S. at 277-78; *see also Zarvela*, 254 F.3d at 377. If, however, the petition before the court at the time a stay is requested is *not* a mixed petition, but contains only exhausted claims, recourse for the stay-and-abeyance procedure is not appropriate; *see also Clancy v. Phillips*, No. 04-CV-4343 (KMK), 2005 U.S. Dist. LEXIS

2

13179, 2005 WL 1560485, at *6 (July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here. The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is confronted in this case at this time[]") (citation omitted)).

The Petition in the instant case is not a mixed petition. Petitioner's motion to stay the Petition and hold it in abeyance does not identify the Petition as a mixed petition. Moreover, the Court notes that Respondent did not raise the defense of non-exhaustion with regard to any of the four claims set forth in the Petition. Instead, it appears that Petitioner is seeking to add a new unexhausted claim to the Petition--namely, the ineffective assistance of trial counsel.[1] Because the Petition appears to contain only exhausted claims, Bermudez must, in addition to re-filing his motion for a stay, as directed below, file a motion to amend the Petition to include the new unexhausted claim he seeks to add to the petition. The motion to amend the Petition must attach a proposed amended petition that sets forth the factual predicates of both the claims now raised in the Petition and the new claim that petitioner seeks to exhaust.

---

[1] The Petition alleges four grounds for habeas corpus relief: (1) denial of fair trial when evidence of uncharged crimes was used against him; (2) the verdict was against the weight of the evidence; (3) denial of fair trial due to the prosecutor's impeachment of his own witness; (4) the sentence was harsh and excessive (Doc No. 1 at 6-7). These grounds correspond to four of the five grounds presented by Petitioner in his appeal of his conviction to the Appellate Division, Fourth Department. *See* Exhibit B (Brief for Appellant) to respondent's answer, Questions Presented, Nos. 1, 2, 3 and 5. The fifth ground presented by petitioner in the appeal of his conviction asserted that he had been denied the effective assistance of trial counsel. *Id.*, Questions Presented, No. 4. The facts alleged in support of the ineffective assistance of counsel claim argued by petitioner on the appeal of his conviction appear to be at least partially different than the facts alleged in support of the ineffective assistance of counsel claim made by petitioner in the § 440.10 motion that he has filed in Erie County Court (summarized above), which forms the basis of his Motion to Stay his proceeding in this Court.

In his motion to amend, Bermudez must address the issue of whether the new claim is timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) - (D).[2] If the statute of limitations has expired, then the Court must find that the claims "relate back" to the originally pled claims pursuant to Federal Rule of Civil Procedure 15(c) and *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582, (2005).[3]

Furthermore, at this time the Court does not have sufficient information to determine whether Petitioner's request for a stay is appropriate under *Rhines*. In *Rhines*, the Supreme Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. In *Rhines*, the Supreme Court limited the approval of stay requests to only those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims were not "plainly meritless" or, stated another way, the claims are "potentially meritorious." *See id.* at 277-78. *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of (1)

---

[2] While Petitioner states, as noted above, that he filed the §440.10 motion "before," or "on," or "about the same time" as he filed the instant Petition, Respondent's answering papers state that petitioner's motion was filed *after* the filing of the petition (Doc. No. 5 at 5). Inasmuch as Bermudez's Petition was filed just prior to the expiration of the one-year statute of limitations applicable to habeas corpus petitions under 28 U.S.C. § 2244(d)(1), his new claim might be untimely if filed after subsequent to the filing of his Petition.

[3] "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

4

good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In the instant matter, to the extent Petitioner has a new claim he is attempting to exhaust and raise herein, he has failed to establish the criteria for the granting of a stay as to that claim as set forth in *Rhines*. Bermudez is therefore instructed to re-file his Motion to Stay, specifically addressing the *Rhines* factors. First, the Court requires additional information regarding the claim that he is exhausting in the § 440.10 motion. While Petitioner sets forth the factual basis for the claim of ineffective representation that he is exhausting in the § 440.10 motion, he does not provide any legal authority for his claim. The Court must have sufficient information from Bermudez about the claim to be able to assess whether it is "potentially meritorious."

Second, Bermudez must provide information to enable the Court to address the "good cause" requirement of *Rhines.* Specifically, Petitioner should explain to the Court what prevented him from exhausting his ineffective representation claim before he filed his original habeas petition in this court.

Third, Bermudez should also provide information regarding the substance and status of his § 440.10 motion. Petitioner should indicate the date on which the 440.10 motion was filed and the bases on which it is grounded. In addition, he should inform the Court

whether the motion is still pending before the County Court or, if the motion has been denied by the County Court, whether he has appealed and if so, the status of the appeal.[4]

The Court notes that nothing in this Order shall be considered to be a limitation on petitioner's ability to pursue any additional *state* court remedies that may be available to him with regard to any unexhausted claim or claims he may have independent of his Petition.

## **ORDER**

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that, Petitioner's Motion to Stay (Doc. No. 6) the petition and hold it in abeyance is denied without prejudice with leave to re-file upon a showing pursuant to *Rhines*, 544 U.S. at 277, that (1) there is "good cause" for Petitioner's failure to exhaust the new claim or claims, (2) that the new claims "relate back" to the claims originally pled in the petition under Fed. R. Civ. P. 15 and *Mayle v. Felix;* and (3) that the new claims are potentially meritorious. If Petitioner re-files the motion to stay, he must do so within thirty (30) days of his receipt of this Order, and must also serve it on respondent's counsel.

FURTHER, to the extent Petitioner seeks to add a new claim or claims to the petition, he shall, within thirty (30) days of his receipt of this Order, in addition to re-filing the Motion to Stay the petition, file and serve upon respondent a motion to amend the petition which addresses the issue of timeliness of the new claim or claims and "relation

---

[4] If Petitioner has received a decision on his §440.10 motion from the Erie County Court since he filed the Motion to Stay, and any application for leave to appeal that decision has been ruled on by the Appellate Division, Fourth Department, then the reason for the Motion to Stay–*i.e.*, to exhaust the claim asserted in the motion–is no longer present, and a re-filed Motion to Stay would be denied as moot.

back" pursuant to *Mayle v. Felix.* He shall also attach to this motion a proposed amended petition that raises both the claims now raised in the petition and the new claim or claims petitioner needs to exhaust.

FURTHER, that if Petitioner re-files his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

FURTHER, the Clerk of the Court is directed to send Petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 as an attachment to this Order, which petitioner should use for his proposed amended petition.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2009
Buffalo, New York